UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ALBERT NEWMAN,

    Petitioner,                               Civil Nos. 04-CV-74582-DT
                                           HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

LINDA METRISH,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR A STAY PENDING APPEAL**

This matter is before the Court on respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner. For the reasons stated below, the motion for a stay is **DENIED.**

On June 15, 2007, this Court granted petitioner an unconditional writ of habeas corpus, finding that there had been insufficient evidence presented at trial to prove beyond a reasonable doubt that petitioner had committed the crimes of second-degree murder and felony-firearm for which he was convicted. Respondent has now moved this Court to stay the issuance of a writ pending appeal.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F.

Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166. Where the state fails

2

to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

The Court declines to grant respondent's motion for a stay of proceedings pending appeal in this case. First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because she has failed to show either a strong likelihood of success on appeal or that she has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). Although respondent contends in her motion that she has a reasonable likelihood of prevailing on the merits of the appeal, she has offered no case law in support of her argument. Because respondent has failed to offer any case law in support of her claim that she has a reasonable likelihood of prevailing on appeal, respondent has waived her argument on this issue. *Id.*

Secondly, respondent is not entitled to the issuance of a stay, because she has failed to show that she would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778.

In this case, prolonging petitioner's incarceration on these charges to allow respondent time to file an appeal would be unjust following this Court's finding that the evidence was insufficient to support the convictions, where petitioner has been in custody for over fifteen years for crimes that the state failed to prove beyond a

*Newman v. Metrish,* 04-74582-DT

reasonable doubt. *Brown v. Palmer,* 358 F. Supp. 2d 648, 656 (E.D. Mich. 2005); *aff'd,* 441 F. 3d 347 (6th Cir. 2006). Petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution. Because "remedying such harm is the very essence of the writ of habeas corpus," *Ward,* 340 F. Supp. 2d at 778 (quoting *Burdine*, 87 F. Supp. 2d at 717), respondent is not entitled to the issuance of a stay pending appeal.

**ORDER**

**IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal is DENIED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary