**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL ALBERT NEWMAN,

    Petitioner,                                                Civil Nos. 04-CV-74582-DT
                                                         HONORABLE ARTHUR J. TARNOW
v.                                                         UNITED STATES DISTRICT JUDGE

LINDA METRISH,

    Respondent,
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART A CERTIFICATE OF APPEALABILITY

On June 15, 2007, this Court granted petitioner an unconditional writ of habeas corpus, finding that there had been insufficient evidence presented at trial to prove beyond a reasonable doubt that petitioner had committed the crimes of second-degree murder and felony-firearm for which he was convicted. *Newman v. Metrish,* 492 F. Supp. 2d 721 (E.D. Mich. 2007). The Court denied petitioner habeas relief with respect to his remaining claims.

On June 19, 2007, the respondent filed a notice of appeal from the Court's order granting habeas relief. On June 21, 2007, petitioner's counsel filed a notice of cross-appeal, which this Court construes as a request for a certificate of appealability. [1] For the reasons stated below, petitioner's request for a certificate of appealability is granted in part and denied in part.

---

[1] *See Luberda v. Trippett,* 211 F. 3d 1004, 1006 (6th Cir. 2000); *Hilliard v. United States*, 157 F. 3d 444, 447 (6th Cir. 1998).

1

*Newman v. Metrish,* 04-74582-DT

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). A habeas petitioner must obtain a certificate of appealability to seek appellate review of a rejected claim, as a cross-appellant, when the state appeals the grant of habeas relief on another claim. *Manokey v. Waters*, 390 F.3d 767, 773-74 (4th Cir. 2004).

**A. The ineffective assistance of counsel claim.**

In his second claim, petitioner alleged that defense counsel was ineffective for failing to move for a directed verdict at the conclusion of the prosecutor's opening statement, because the prosecutor failed to refer to evidence in his opening statement that would establish petitioner's involvement in the murder.

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). In light of the fact that this Court granted habeas relief on petitioner's sufficiency of evidence claim due to the weakness of the evidence, petitioner has made a substantial

2

showing of the denial of a constitutional right with respect to his second claim. Because jurists of reason would find the Court's resolution of petitioner's ineffective assistance of counsel claim to be debatable, the Court will grant a certificate of appealability with respect to petitioner's second claim. *See Petrocelli v. Angelone,* 248 F. 3d 877, 887 (4th Cir. 2001).

### B. The Double Jeopardy Clause Claim.

In his third claim, petitioner contended that the trial court violated the Double Jeopardy Clause by reconsidering its decision to direct a verdict on the first-degree murder charge.

The Court rejected this claim, finding that the wrongful submission of the first-degree murder conviction to the jury was adequately remedied by the reduction of petitioner's first-degree murder conviction to second-degree murder on remand from the Michigan Court of Appeals. *Morris v. Mathews,* 475 U.S. 237, 245-48 (1986). Jurists of reason would not find this Court's resolution of the claim to be debatable. Petitioner is therefore not entitled to a certificate of appealability on his third claim.

### C. The prosecutorial misconduct claims.

Petitioner next claimed that the prosecutor committed misconduct by bringing charges against petitioner without probable cause, by misleading the trial court into believing that a directed verdict of acquittal could be reversed, and by making false statements about petitioner's alibi defense.

This Court agreed with petitioner that there was insufficient evidence to charge, or to convict, petitioner. Because this portion of petitioner's prosecutorial misconduct

3

claim was substantially identical to the sufficiency of evidence claim for which this Court granted relief, the Court considered this portion of petitioner's prosecutorial misconduct claim to be moot. *Newman,* 492 F. Supp. 2d at 734 (citing *Schledwitz v. United States*, 169 F. 3d 1003, 1017, n. 8 (6th Cir. 1999)). However, to the extent that petitioner wishes to argue this portion of his prosecutorial misconduct claim in support of the Court's decision to grant habeas relief on his sufficiency of evidence claim, he would not need to obtain a certificate of appealability. *Szabo,* 313 F. 3d at 397-98.

The Court rejected petitioner's second prosecutorial misconduct claim because it was essentially identical to petitioner's Double Jeopardy claim. Accordingly, the Court would likewise deny a certificate of appealability on this portion of petitioner's fourth claim.

Petitioner's remaining prosecutorial misconduct claim was that the prosecutor mischaracterized petitioner's alibi defense in his closing argument, by misleading jurors into thinking that alibi witnesses recalled petitioner being with them in a bar nine days after his arrest. The Court rejected this claim, because there was some evidence that petitioner's alibi witness, Jeannie McCormick, may have been confused or mistaken about the date that she went north to visit her mother. The prosecutor's comments were therefore a fair comment about the witness' confusion. *Newman,* 492 F. Supp. 2d at 734.

A habeas corpus petitioner is entitled to a certificate of appealability where it is fairly debatable whether a prosecutor's statements to a jury during closing arguments denied the petitioner a fair trial. *See Graham v. Koerner,* 149 Fed. Appx. 769, 772 (10th

Cir. 2005). Petitioner is not entitled to a certificate of appealability on his prosecutorial misconduct claim, because the prosecutor's comments had at least some support from the evidence. *See Myers v. Mahaffey,* 41 Fed. Appx. 217, 220 (10th Cir. 2002).

### D. The sentencing claim.

Petitioner next claimed that he was deprived of the right to a fair sentencing, the right to present a defense, the right to the effective assistance of counsel, and the right to a meaningful appeal of right when the trial court refused to consider any mitigating evidence offered on petitioner's behalf at the re-sentencing after the original first-degree murder conviction was vacated. This Court rejected the claim, finding that petitioner had been afforded a sufficient opportunity to present mitigating evidence on his behalf at his re-sentencing. *Newman,* 492 F. Supp. 2d at 734-35. Nonetheless, because jurists of reason might have concluded that petitioner was entitled to present more mitigating evidence on his behalf at his sentencing, the Court will grant petitioner a certificate of appealability on this claim. *Tennard v. Dretke*, 542 U.S. 274, 288-89 (2004).

### E. The post-conviction claims.

In his sixth, seventh, and eighth claims, petitioner alleged various defects in how his post-conviction motion was handled by the state trial and appellate courts. The Court rejected these claims because a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). Petitioner is not entitled to a certificate of appealability on these three claims, because the issues are not constitutionally cognizable. *See e.g.*

*Newman v. Metrish,* 04-74582-DT

*Knowles v. Hines,* 9 Fed. Appx. 890, 892 (10th Cir. 2001).

**ORDER**

**IT IS HEREBY ORDERED** that a certificate of appealability shall be issued with respect to petitioner's second claim that he was deprived of the effective assistance of counsel and his fifth claim involving the trial court's failure to consider mitigating evidence at sentence. The certificate of appealability shall be **DENIED** with respect to the remaining claims.

                                                S/Arthur J. Tarnow
                                                Arthur J. Tarnow
                                                United States District Judge

Dated: August 23, 2007

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 23, 2007, by electronic and/or ordinary mail.

                                                S/Catherine A. Pickles
                                                Judicial Secretary